UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ZEHAVA ZELASKO,

                    Plaintiff,         **MEMORANDUM AND ORDER**
    -against-                        20-CV-5316 (RRM) (LB)

NYC DEPARTMENT OF EDUCATION,

                    Defendant.
---------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

      In November 2020, plaintiff Zehava Zelasko, proceeding *pro se*, filed this action against her former employer, defendant New York City Department of Education, alleging employment discrimination in violation of the Americans with Disabilities Act. Three months later, after the Court sent Zelasko a notice informing her that she had not included the filing fee or an application to proceed *in forma pauperis* with her filing, Zelasko filed a request to waive the filing fee. The Court now grants Zelasko's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, for the reasons set forth below, Zelasko's complaint is dismissed with leave to amend within thirty days of this Memorandum and Order.

## BACKGROUND

      In drafting her complaint, plaintiff utilized the Court's employment discrimination form. (Compl. (Doc. No. 1).) Plaintiff checked off boxes in section III.A of that form to indicate the discriminatory conduct to which she was allegedly subjected: termination of her employment, unequal terms and conditions of my employment, and retaliation. (Compl. at 4–5.) However, in completing section III.E, which prompts the plaintiff to allege facts in support of her claim, plaintiff provided a very sparse description of the events leading to her termination. She alleged that after she was injured "on the job with a concussion in Oct 2017," her "employer started

1

harassing [her]" and gave her an unsatisfactory performance evaluation. (*Id.*) Plaintiff was suspended in May 2018 and again in March 2019. (*Id.*) The complaint alleges that in June 2019, plaintiff received a letter from defendant accusing her of "child neglect," but it provides no further information regarding this communication. (*Id.*) The pleading alleges that plaintiff met with unspecified individuals to discuss the neglect charges in late June 2019, but does not allege what happened at that meeting.

At some point, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Although that charge – which is attached to the complaint – is dated March 12, 2019, the allegations in the charge indicate that it was filed sometime after the June 2019 meeting. On August 17, 2020, the EEOC issued a right-to-sue letter, prompting plaintiff to file this action on November 18, 2020. In this action, plaintiff seeks unspecified damages and the removal of the suspensions from her work record. (*Id.* at 6.)

## STANDARD OF REVIEW

A district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must, among other things, plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it

suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #7*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

### A. Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to … the hiring, advancement, or discharge of employees … and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a *prima facie* case of discrimination under the ADA, the plaintiff must establish that: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (citation omitted). "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination" in order to state a claim, "it must at a minimum assert nonconclusory factual matter sufficient to 'nudge [ ] [its] claims' ... 'across the line from conceivable to plausible' to proceed." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 680 (alterations in *Vega*)).

In this case, the complaint does not allege facts suggesting that plaintiff is disabled within the meaning of the ADA or that she was perceived to be so by her employer. The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment ….." 42 U.S.C. § 12102(1). "[T]he duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity." 29 C.F.R. Pt. 1630, Interp. Guidance, § 1630.2(j)(1)(ix). "While a temporary impairment can be covered if it is sufficiently severe," *Veldran v. Dejoy*, No. 19-CV-4010, 2020 WL 8084880, at *2 (2d Cir. Jan. 13, 2020) (summary order), "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." *Tongalson v. Dreyfus Serv. Corp.*, No. 04-CV-2308 (JSR), 2005 WL 356805, at *4 (S.D.N.Y. Feb. 14, 2005) (quoting 29 C.F.R. app. § 1630.2(j)). Indeed, the interpretive guidelines issued by the EEOC list a concussion as an example of short-term impairment that does not rise to the level of a disability. *See id.*

In addition, the complaint does not allege facts supporting an inference that her former employer took adverse actions against her based on her disability. To be sure, "courts in this circuit have held that the temporal proximity of an employee's disclosure of a disability to his termination support an inference of discrimination." *Baron v. Advanced Asset & Prop. Mgmt. Sols., LLC*, 15 F. Supp. 3d 274, 283 (E.D.N.Y. 2014) (citing cases). However, "cases that accept mere temporal proximity … as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Here, plaintiff was not subjected to any adverse employment action until approximately 7 months after the concussion and was not terminated until approximately 20 months after the concussion.

**Leave to Amend**

A *pro se* litigant should generally be granted leave to amend her complaint at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated."

*Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). In light of Zelasko's *pro se* status and in an abundance of caution, the Court grants Zelasko leave to amend her complaint within thirty days of the date of this Memorandum and Order. In order to proceed with this action, Zelasko must file an amended complaint which provides facts to support her ADA claim against her employer. For example, Zelasko must set forth facts to show that she is disabled within the meaning of the ADA or perceived to be so by her employer; that she was otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; that she suffered an adverse employment action; and that the adverse action was imposed because of her disability.[1]

## CONCLUSION

For the reasons stated above, Zelasko's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Zelasko's *pro se* status, the Court grants Zelasko leave to file an amended complaint within 30 days from the date of this Memorandum and Order. The amended complaint must provide a statement of facts sufficient to support a plausible claim that her former employer violated the ADA.

If Zelasko elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Memorandum and Order: 20-CV-5316 (RRM) (LB). The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings shall be stayed for 30 days. If Zelasko fails to file an amended complaint within the

---

[1] It is not sufficient to merely check off the box on the form complaint; plaintiff must fill in the blank space next to the box and provide facts in support of the statement of claim. (*See* Compl. at 5.)

time allowed or show good cause why she cannot do so, the Court shall dismiss the action and direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with an employment discrimination complaint form to Zelasko and to note the mailing on the docket sheet. Zelasko is advised that she may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729, for limited-scope legal assistance.

SO ORDERED.

Dated: Brooklyn, New York
      June 24, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge